UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

BRENT SMITH AND            CIVIL ACTION NO. 12-1841
JANICE SMITH

versus                                            JUDGE TOM STAGG

SHREVEPORT POLICE          MAGISTRATE JUDGE HORNSBY
DEPARTMENT, ET AL.

---

## MEMORANDUM RULING

Before the court is a motion to alter or amend judgment and motion for relief from judgment filed by Brent Smith ("Smith") and Janice Smith (collectively "the plaintiffs"), seeking relief from the court's memorandum ruling and judgment issued on June 5, 2014. See Record Document 55. For the reasons set forth herein, the plaintiffs' motion is **DENIED**.

## I. PROCEDURAL HISTORY[1]

The plaintiffs filed the instant lawsuit on July 5, 2012. See Record Document 1. Their complaint alleges causes of action under both federal and state law. See id. The defendants filed a motion for summary judgment, which this court granted on

---

[1] The facts of this case have been summarized in the court's previous memorandum ruling. See Record Document 53.

1

June 5, 2014, dismissing all of the plaintiffs' claims against all of the defendants. See Record Documents 42, 53, and 54. The plaintiffs filed the instant motion on July 3, 2014, seeking reconsideration of the court's prior ruling. See Record Document 55.

## II. LAW AND ANALYSIS

A.   Motion To Alter Or Amend A Judgment—Standard of Review.

A motion to alter or amend a judgment under Rule 59(e) "is a motion that calls into question the correctness of a judgment." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The primary purposes of motions to alter or amend a judgment are to allow parties to "correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)(internal quotations omitted). See also Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004); Benson v. Police Jury of Union Parish, No. 06-1519, 2006 WL 3843288 at *1 (W.D. La. Dec. 29, 2006). Additionally, the court can consider whether there has been any change in the applicable law. See Benson, 2006 WL 3843288 at *1. Finally, courts can grant Rule 59(e) motions if necessary to prevent "manifest injustice." See Voisin v. Tetra Techs., Inc., No. 08-1302, 2010 WL 3943522 at *2 (E.D. La. Oct. 6, 2010). "A Rule 59(e) motion should not be used to re-litigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." See id. Motions to alter or amend

judgments should be granted only in rare circumstances. See Templet, 367 F.3d at 479; Benson, 2006 WL 3843288 at *1.

B. **The Plaintiffs Have Failed To Show They Are Entitled To Relief.**

The plaintiffs have not submitted any newly discovered evidence and there has been no change in the applicable law. Rather, the plaintiffs appear to argue that the court committed a manifest error of law or fact when it concluded that the plaintiffs' claims are barred by Heck v. Humphrey because Smith participated in a pre-trial diversion program. See Record Document 55. Specifically, in their one paragraph of argument in the instant motion, the plaintiffs contend that Smith consistently maintained his innocence and was not required to perform any actions as a result of the "District Attorney Probation" that was imposed. See id. The plaintiffs also cite to DeNaples v. Office of Comptroller of Currency, 706 F.3d 481 (D.C. Cir. 2013), where the court discussed pre-trial diversion programs in the context of the Federal Deposit Insurance Act. See id.

As best the court can tell, the plaintiffs are attempting to argue that Smith did not enter into a pre-trial diversion program and his claims were therefore not barred by Heck. However, as this court explained in its prior ruling, the plaintiffs did not oppose that fact on summary judgment.[2] See Record Document 53. It was clearly

---

[2] The plaintiffs submitted a four-page opposition memorandum to the defendants' motion for summary judgment, but also submitted almost two hundred

established by the defendants that Smith was charged with resisting an officer in violation of Louisiana Revised Statutes section 14:108, and thereafter the charges were nolle prossed and Smith received probation from the district attorney as part of a pre-trial diversion program. See Record Document 53. None of the arguments advanced by the plaintiffs in support of their instant motion lead the court to conclude that it should reverse its prior decision.

Additionally, the plaintiffs allege that Smith was not properly "Boykinized" as required by law. See id. However, the plaintiffs did not provide any citations supporting their argument that pre-trial diversion agreements require that a defendant be "Boykinized." The plaintiff in Boykin entered into a guilty plea. See Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969). The plaintiffs have not provided any support for their apparent argument that being "Boykinized" is a requirement of entering into a pre-trial diversion program. Therefore, this argument does not persuade the court to reverse its prior ruling.

Because the plaintiffs have not provided any newly discovered evidence, have not identified any changes in the applicable law, and have not shown that the court's prior ruling suffered from a manifest error of law or fact, the court finds no grounds to grant the requested relief. Therefore, the plaintiffs' motion is **DENIED**.

---

pages of exhibits and five audio exhibits without citing to any of them in their memorandum.

## III. CONCLUSION

For the reasons discussed herein, the plaintiffs' motion to alter or amend the judgment (Record Document 55) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 17th day of July, 2014.

_____
JUDGE TOM STAGG