RECEIVED

AUG 2 7 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| BRENT SMITH AND JANICE SMITH | CIVIL ACTION NO. 12-1841 |
| versus | JUDGE TOM STAGG |
| SHREVEPORT POLICE DEPARTMENT, ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the court is a second motion to alter or amend judgment and motion for relief from judgment filed by Brent Smith ("Smith") and Janice Smith (collectively "the plaintiffs"), seeking relief from the court's memorandum ruling and judgment issued on June 5, 2014. See Record Document 59. For the reasons set forth herein, the plaintiffs' motion is **DENIED**.

### I. PROCEDURAL HISTORY[1]

The plaintiffs filed the instant lawsuit on July 5, 2012. See Record Document 1. Their complaint alleged causes of action under both federal and state law. See id. The defendants filed a motion for summary judgment, which this court granted on

---

[1] The facts of this case have been summarized in the court's previous memorandum ruling. See Record Document 53.

1

June 5, 2014, dismissing all of the plaintiffs' claims against all of the defendants. See Record Documents 42, 53, and 54. The plaintiffs filed a motion to alter or amend judgment and motion for relief from judgment on July 3, 2014, which the court denied on July 14, 2014. See Record Documents 55 and 58. The defendants have opposed the instant motion. See Record Document 60.

## II. LAW AND ANALYSIS

### A. Motion To Alter Or Amend A Judgment—Standard of Review.

A motion to alter or amend a judgment under Rule 59(e) "is a motion that calls into question the correctness of a judgment." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The primary purposes of motions to alter or amend a judgment are to allow parties to "correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)(internal quotations omitted). See also Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004); Benson v. Police Jury of Union Parish, No. 06-1519, 2006 WL 3843288 at *1 (W.D. La. Dec. 29, 2006). Additionally, the court can consider whether there has been any change in the applicable law. See Benson, 2006 WL 3843288 at *1. Finally, courts can grant Rule 59(e) motions if necessary to prevent "manifest injustice." See Voisin v. Tetra Techs., Inc., No. 08-1302, 2010 WL 3943522 at *2 (E.D. La. Oct. 6, 2010). "A Rule 59(e) motion should not be used to

re-litigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." See id. Motions to alter or amend judgments should be granted only in rare circumstances. See Templet, 367 F.3d at 479; Benson, 2006 WL 3843288 at *1.

B.  **The Plaintiffs' Motion Is Untimely.**

Rule 59(e) provides that a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court's judgment was filed on June 5, 2014. The plaintiffs' first motion to alter or amend was filed on July 3, 2014, exactly 28 days after the entry of the judgment. The instant motion was filed on August 12, 2014, 69 days after the entry of the judgment. Even assuming the plaintiffs' instant motion can be read as seeking relief from the court's denial of their first motion to alter or amend, their second motion was filed 30 days later. Thus, dismissal is warranted for untimeliness alone.

C.  **The Plaintiffs Have Failed To Show They Are Entitled To Relief.**

Just as they failed to do in their first motion, the plaintiffs have not submitted any newly discovered evidence and there has been no change in the applicable law. The plaintiffs are merely attempting to re-litigate, for a third time, that Smith's participation in a pre-trial diversion program does not bar their claims. See Record Document 59. None of the arguments advanced by the plaintiffs in support of their

instant motion lead the court to conclude that it should reverse its prior decision. Because the plaintiffs have not provided any newly discovered evidence, have not identified any changes in the applicable law, and have not shown that the court's prior ruling suffered from a manifest error of law or fact, the court finds no grounds to grant the requested relief.

### III. CONCLUSION

For the reasons discussed herein, the plaintiffs' motion to alter or amend the judgment (Record Document 59) is **DENIED.**

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 26th day of August, 2014.

JUDGE TOM STAGG